**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BRIAN J. ROOKEY,**

                                      **7:14-cv-914**

                **Plaintiff,**        **(GLS)**

                  v.

**COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Conboy, McKay Law Firm | LAWRENCE D. HASSELER, ESQ. |
| 307 State Street | |
| Carthage, NY 13619 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | BENIL ABRAHAM |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Brian J. Rookey challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g).[1] (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Rookey's arguments, the Commissioner's decision is reversed and remanded for further proceedings.

### II. Background

On April 15, 2013, Rookey filed applications for SSI and DIB under the Social Security Act ("the Act"), alleging disability since March 15, 2011. (Tr.[2] at 71-72.)[3] After her application was denied, (*id.* at 104-15), Rookey

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims. As review under both sections is identical, parallel citations to the Regulations governing SSI are omitted.

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

[3] Rookey previously filed applications for DIB and SSI on March 27, 2012 also alleging disability since March 15, 2011. (Tr. at 11.) These applications were denied, Rookey then requested a hearing, and, after the hearing, the Administrative Law Judge (ALJ) issued an unfavorable decision denying disability on January 3, 2013. (*Id.* at 11, 52-70.) The Social Security Administration Appeals Council denied Rookey's request to review the decision, and Rookey did not timely appeal to this court. (*Id.*) Instead, Rookey filed another application for DIB and SSI benefits for the same period. (*Id.*) Because the January 3, 2013 ALJ decision is final and binding on Rookey's disability determination from March 15, 2011 to January 3, 2013,

2

requested a hearing before an ALJ, which was held on February 3, 2014, (*id.* at 35-51, 116-17). On March 7, 2014, the ALJ issued an unfavorable decision denying the requested benefits which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-32.)

Rookey commenced the present action by filing his complaint on July 23, 2014 wherein he sought review of the Commissioner's determination. (Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 11, 12.)

### III. **Contentions**

Rookey contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 11 at 10-22.) Specifically, Rookey argues that the ALJ: (1) incorrectly determined that his anxiety, depression, and lumbar spine disorder were not severe impairments; (2) improperly assessed his residual function capacity (RFC); and (3) erred in finding he is able to perform his past relevant work. (*Id.*) The Commissioner counters that the appropriate legal standards were

---

the ALJ in this action evaluated whether Rookey was disabled since January 4, 2013. (*Id.*)

used by the ALJ and her decision is also supported by substantial evidence. (Dkt. No. 12 at 4-16.)

## IV. Facts

The court adopts the parties' and the ALJ's undisputed factual recitations. (Dkt. No. 11 at 1-10; Dkt. No. 12 at 1; Tr. at 10-21.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Severe Impairments

Rookey argues that the ALJ erred by finding his anxiety, depression, and lumbar spine disorder were not severe impairments. (Dkt. No. 11 at 11-13.) The Commissioner counters and asserts that the ALJ properly assessed Rookey's impairments. (Dkt. No. 12 at 5-9.) The court agrees

4

with the Commissioner.

A claimant has the burden of establishing that he has a "severe impairment," which is "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *see Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). As pertinent here, basic work activities are "the abilities and aptitudes necessary to do most jobs," including: "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; [u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations; and [d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b)(1), (3)-(6). An ALJ's evaluation of a claimant's mental impairments must reflect his application of the "special technique" set out in 20 C.F.R. § 404.1520a, which necessitates his consideration of "four broad functional areas" that include: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(c)(3). The first three areas are rated on a five-point scale: "[n]one, mild, moderate, marked, and extreme."

*Id.* § 404.1520a(c)(4). "[I]f the degree of limitation in each of the first three areas is rated 'mild' or better, and no episodes of decompensation are identified, then the [ALJ] generally will conclude that the claimant's mental impairment is not 'severe.'" *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1520a(d)(1)).

Here, with respect to Rookey's mental impairments, the ALJ determined that Rookey suffered mild restrictions in the activities of daily living, no restrictions in maintaining social functioning, and mild restrictions in maintaining concentration, persistence, and pace, and no episodes of decompensation. (Tr. at 15.) Thus, the ALJ found that Rookey's depression and anxiety were non-severe. (*Id.*) The ALJ relied on the treatment notes of Danielle Brining-Plumadore, Rookey's treating therapist, which documented unremarkable mental status examinations. (*Id.* at 16, 609-10, 612-13, 615, 619-21.) Additionally, the ALJ noted that Rookey acknowledged his depression and anxiety were well-controlled with therapy. (*Id.* at 16, 511, 522.)

Rookey points to his 2012 diagnoses of adjustment disorder with mixed anxiety and depressed mood, and the medical source statement by his therapist indicating moderate social limitations and some moderate

6

cognitive limitations in support of a severe mental impairment. (*Id.* at 435, 559-60.) However, "whether there is substantial evidence supporting the appellant's view is not the question"; instead, the court must "decide whether substantial evidence supports *the ALJ's decision*."[4] *Bonet ex rel. T.B. v. Colin*, 523 F. App'x 58, 59 (2d Cir. 2013). During the relevant period, Rookey discontinued psychotherapy for three months and missed several scheduled appointments. (Tr*.* at 609, 614, 617.) At the appointments Rookey attended, his therapist noted that he was in a "good mood," "emotionally stable," "engaged in treatment and motivated to work toward his goals," and "social whenever possible." (*Id.* at 609, 612, 615.) Rookey also participated in an HIV support group, developed a new relationship during the relevant period, and dined at restaurants once a month. (*Id.* at 234, 511, 619.) In his function report, Rookey noted he could dress, bathe, and feed himself, complete household chores, care for his pets, and manage his money. (*Id.* at 230-33.) Rookey's hobbies included completing crossword puzzles and playing with his pets. (*Id.* at 233.) Dennis Noia, the consultative psychiatric examiner, reported that

---

[4] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

Rookey had no mental limitations. (*Id.* at 523-24.) Although Dr. Noia acknowledged Rookey's depression and anxiety, he found that the "symptoms [were] usually well-controlled with medication." (*Id.* at 524.) Additionally, as noted by the ALJ, Rookey reported to Rachel Raven, his treating nurse practitioner, that his symptoms were well-controlled with therapy. (*Id.* at 511.)

With respect to Rookey's lumbar spine disorder, the ALJ concluded that it was non-severe because it was not supported by objective medical evidence or Rookey's own reports of pain. (*Id.* at 14.) Although Rookey testified at the hearing that he experienced constant back pain, (*id.* at 43), he denied any musculoskeletal pain in a February 5, 2013 appointment, (*id.* at 347). Rookey identifies a June 2012 x-ray that revealed bilateral spongylolysis at the L5 level without sponylolisthesis. (Dkt. No. 11 at 12; Tr. at 490.) However, subsequently, Dr. Marylene Duah, Rookey's primary care physician, examined Rookey's lumbar spine and found the results to be unremarkable. (Tr. at 550, 623, 629, 635.) Additionally, the ALJ noted that Rookey never saw a specialist for back pain. (*Id.* at 14.) Accordingly, substantial evidence supports the ALJ's decision that Rookey's depression, anxiety, and lumbar spine disorder were not severe.

## B. RFC Determination

Next, Rookey makes three arguments with respect to the ALJ's RFC determination. First, he argues that the ALJ failed to make a mental RFC determination. (Dkt. No. 11 at 19-20.) Second, he asserts that substantial evidence does not support the RFC determination. (*Id.* at 17-18.) Finally, he contends that the ALJ improperly applied the treating physician rule. (*Id.* at 13-17.) The Commissioner counters and asserts the ALJ applied the correct legal standard in making her RFC determination, which is supported by substantial evidence. (Dkt. No. 12 at 9-15.) Although the ALJ is not required to make an independent mental RFC determination, the court agrees the ALJ erred by failing to consider Rookey's non-severe mental impairments in her determination.[5]

A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's mental impairments. *Id.* § 404.1545(a)(3), (4). An

---

[5] The court need not address Rookey's alternative arguments because it finds error in the ALJ's RFC determination.

ALJ's RFC determination must be supported by substantial evidence in the record.  *See* 42 U.S.C. § 405(g).  If it is, that determination is conclusive and must be affirmed upon judicial review.  *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ determined that Rookey retained the RFC to perform sedentary work, including the ability to occasionally lift/carry/push/pull ten pounds, frequently lift/carry/push/pull less than ten pounds, stand/walk for two hours in an eight-hour work day, and sit for six hours in an eight-hour work day.  (Tr. at 20.)  However, the ALJ addressed her RFC findings only as to Rookey's physical symptoms.  (*Id.* at 20-26.)  Indeed, although the ALJ stated that she considered all of Rookey's symptoms, (*id.* at 20), in the discussion that follows, the ALJ reviewed only the physical impairments related to Rookey's HIV, without any mention of his mental health symptoms, (*id.* at 20-26).

It is axiomatic that the ALJ is required to consider a plaintiff's mental impairments, even if not severe, in formulating the RFC.  *See* 20 C.F.R. 404.1545(a)(2); *see, e.g., Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (explaining remand is necessary if non-severe mental impairments are not considered in the RFC determination); *Johnson v.*

10

*Colin*, No. 6:12-cv-1273, 2013 WL 6145804, at *5 (N.D.N.Y. Nov. 21, 2013) (remanding because "failure to consider [plaintiff's] mental impairments and abilities in assessing her RFC is legal error"); *Lawton v. Comm'r of Soc. Sec.*, No. 7:10-CV-256, 2010 WL 4810676, at *13 (N.D.N.Y. Nov. 2, 2010) (remanding with direction to the ALJ to discuss the plaintiff's mental limitations and to consider his mental abilities in formulating the RFC); *Collins v. Astrue*, No. 6:08-CV-1357, 2010 WL 786286, at *1 (N.D.N.Y. Feb. 26, 2010) (finding reversible error in the ALJ's failure to explicitly include the plaintiff's mental impairment in her RFC assessment). Here, the ALJ committed legal error by failing to consider Rookey's non-severe mental impairments in determining his RFC. Accordingly, the ALJ's decision is reversed and remanded.

## C. Remaining Findings and Conclusions

Because Rookey's remaining contentions, (Dkt. No. 11 at 20-22), may be impacted by the subsequent proceedings directed by this Order, it would be improper for the court to consider them at this juncture.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and

11

**REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 29, 2015
Albany, New York

Gary L. Sharpe
U.S. District Judge